United States District Court
Eastern District of Kentucky
Southern Division
London
Criminal No. 09-60-ART

<u>Electronically Filed</u>

United States of America                                      Plaintiff,

V.

Cameron Goetting                                              Defendant.

---

### Sentencing Memorandum

---

Comes now the defendant Cameron Goetting, by counsel, and files the following sentencing memorandum in advance of sentencing scheduled for August 9, 2010 at 3 p.m.

**Memorandum**

**Facts**

Goetting entered a conditional plea to Count 1 conspiracy to distribute 50 grams or more of methamphetamine in violation of 21

U.S.C. 841(a)(1) and 846. Further Goetting entered a plea to the criminal forfeiture set out in Count 2 ($2, 262.00 in cash).

Per the PSR Goetting is in an advisory guideline range of 140-175 months based on a criminal history category of V and a total offense level of 29. (Paragraph 63). However, the defendant is subject to a statutory minimum sentence of 240 months per 21 U.S.C. 841(b)(1)(A) and 851. (Paragraph 62).

Factually this case involves a single drug transaction in which Goetting (the source of supply) and co-defendant Joseph Walton were delivering approximately 3 ounces (74.539 grams) of crystal methamphetamine to an individual in Williamsburg, Kentucky. The defendants were to receive $6,900 for the drugs. (Paragraphs 7-10, 17).

Assuming the Court has discretion to sentence the defendant below the statutory minimum Goetting advises the Court and the United States he will be seeking a variance based on 18 U.S.C. 3553(a).

## Arguments

## 18 U.S.C. 3553(a)(1)

The distribution of methamphetamine is obviously a very serious offense. Methamphetamine has devastating consequences. Cameron Goetting is an excellent example of the devastation. He tried meth and other illicit drugs. He became addicted. He then committed the instant offense to maintain his drug habit.

The limited circumstances of this offense warrant a variance. This case involved a single transaction of less than 3 ounces of methamphetamine with a value of $6,900. (Had this been a theft or fraud case per U.S.S.G. 2B1.1 the total offense level based on this amount of loss would have been a level 8 or 9.)

This case should be considered in light of <u>U.S. v. Damian</u>, 233 Fed. Appx. 500 (6th Cir. 2007) and <u>U.S. v. Vassar</u>, 346 Fed. Appx. 17 (6th. Cir. 2009).  In *Damian* (a case from the London Division) the defendant pled guilty to distributing over 500 grams of methamphetamine. His role in the conspiracy was transporting several pounds of methamphetamine from the western United States to this district on multiple occasions. At

sentencing he was in an advisory guideline range of 168-210 months. At Damian's request the Court granted his request from a downward variance and sentenced him to 160 months. Similarly in *Vassar* the defendant (who was found to be responsible for the distribution of 3.5 kilograms of cocaine) was in an advisory guideline range of 168-210 months yet received a variance and ultimately sentenced to 144 months.

Without question both Damian and Vassar's criminal conduct was substantially greater than Goetting's. Further their drug quantities were many multiples of the amount of meth in this case. Yet both received a downward variance from the recommended guideline range. Goetting should be treated similarly.

## 18 U.S.C. 3553(a)(2)

The Court must consider the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. Further the sentence must afford adequate deterrence to future criminal conduct and protect the public from further crimes of the defendant. Finally under this section the sentence must

provide Goetting with any needed educational or vocational training, medical care or other correctional treatment.

With a sentence of 120 months these objectives could easily be accomplished. A 10 year sentence reflects the seriousness of a drug trafficking offense and promotes respect for the law. It affords adequate deterrence and protects the public from further crimes of this defendant for a very long time. No one would take a 120 month sentence lightly. However such a sentence is substantially less than the advisory range of 140-175 months and would reflect the unique nature of this particular offense i.e. a single drug transaction involving approximately 3 ozs. of meth.

## 18 U.S.C. 3553(a)(3)(4)&(5)

The Court must consider the kinds of sentences available, the sentencing range established under the guidelines and any pertinent policy statement. Under the guidelines a sentence of 120 months would be only two levels (level 27 criminal history category V) below the recommended guideline range.

## 18 U.S.C. 3553(a)(6)

The Court must avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. This section addresses national disparities between one defendant's sentence and another. U.S. v. Simmons, 501 F.3d 620, 623 (6th Cir. 2007). It would be helpful to both the Court and the parties if additional information regarding the sentences received by other similarly situated defendants (possibly district wide) was included in the PSR as counsel lacks adequate information to meaningfully advance an argument under this section. Nonetheless counsel has informed the Court of the sentences received by Damian and Vassar, although not similarly situated defendants, as their criminal conduct was far greater than Goetting's.

## 18 U.S.C. 3553(a)(7)

The sentence must address the need to provide restitution to any victim of the offense. The PSR indicated restitution is not an issue and should be waived.

## Conclusion

Based on the factors addressed Goetting moves the Court for a variance below the advisory guideline range.

Respectfully Submitted,

/s/Willis G. Coffey
Willis G. Coffey
Coffey & Ford, P.S.C.
P.O. Box 247
Mt. Vernon, Ky. 40456
(606)256-4405

Certificate of Service:

I hereby certify on August 2, 2010, I electronically filed the foregoing sentencing memorandum with the Clerk of the Court by using the CM/ECF system, which will send notice of filing to counsel of record.

/s/Willis G. Coffey